Garrett J. Hines (SBN 198892)
VICTIM COMPENSATION LAW GROUP, APC
287 S. Robertson Blvd., # 302
Beverly Hills, CA 90211
Tel:     424-250-8254
Fax:    310-444-7141
victimscomplaw@gmail.com

Attorney for Plaintiff


PHILLIP A. TALBERT
Acting United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:      joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI DARNELL,<br><br>                    Plaintiff,<br><br>          v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE; and DOES 1 through 5, inclusive,<br><br>                    Defendants. | No. 2:21-cv-01557-TLN-DB<br><br>**STIPULATION AND ORDER FOR MODIFYING INITIAL PRETRIAL SCHEDULING ORDER** |

**STIPULATION AND ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 240(b), and the Court's Initial Pretrial Scheduling Order (ECF 4), the parties have met and conferred regarding the nature of their claims and defenses; the possibility of promptly settling or resolving this case; the disclosures required by Rule 26(a); and developing a proposed discovery plan.  Having so met and conferred,

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the Initial Pretrial Scheduling Order shall be modified as set forth below:

Deadline for serving initial disclosures............................................January 7, 2022
Deadline for completing non-expert discovery...............................August 26, 2022
Deadline for filing initial expert disclosures............................ September 16, 2022
Deadline for filing rebuttal expert disclosures..............................October 14, 2022
Deadline for completing expert-witness discovery.................... December 16, 2022
Deadline for filing dispositive motions......................................... January 27, 2023

**I.  Brief Case Summary**

Plaintiff Traci Darnell worked as a city carrier for the United States Postal Service in Sacramento, California, from approximately December 2018 to April 2021.  In her operative Complaint, she asserts two claims against the Postal Service under Title VII of the Civil Rights Act of 1964 (as amended) and the Rehabilitation Act of 1973 (as amended).  Specifically, Plaintiff alleges she experienced a sexually hostile work environment in violation of Title VII, and that the Postal Service failed to reasonably accommodate her mental disability in violation of the Rehabilitation Act.

In compliance with Federal Rule of Civil Procedure 26(f)(3), the parties provide the following additional information for the Court's consideration.

**II.  Compliance with Federal Rule of Civil Procedure 26(f)(3)**

  **A.  Disclosures Pursuant to Rule 26(a)**

The parties will serve their initial disclosures no later than January 7, 2022.  The parties will serve initial expert disclosures no later than September 16, 2022.  The parties will serve any rebuttal expert disclosures no later than October 14, 2022.

      The parties anticipate offering expert testimony in connection with Plaintiff's allegations of mental disability, severe emotional distress, and economic damages. Defendant will seek to have Plaintiff submit to a mental examination pursuant to Federal Rule of Civil Procedure 35.

      **B.    Subjects and Timing of Discovery**

      The subjects of discovery will include Plaintiff's employment history, the facts and circumstances surrounding Plaintiff's allegations of sexual harassment, Plaintiff's alleged disability, Plaintiff's alleged need and request for a reasonable accommodation, and the existence, extent, and cause of any damages that Plaintiff attributes to the Postal Service, including her allegations of severe emotional distress and economic damages. The parties propose a deadline of August 26, 2022, to complete non-expert discovery, and a deadline of December 16, 2022, to complete expert discovery.

      **C.    Electronically Stored Information**

      The parties do not anticipate any issues concerning the disclosure, discovery, or preservation of electronically stored information.

      **D.    Protection of Privileges or Trial-Preparation Materials**

      Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of any document or communication that is subject to the attorney-client privilege or attorney work-product doctrine shall not operate as a waiver of the privilege or protection from discovery in the instant case or any other proceeding, regardless of whether such disclosure is inadvertent.

      **E.    Changes in Discovery Limitations**

      The parties do not propose any changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure and the Court's Local Rules.

///
///
///
///
///
///
///

**F.     Other Orders Concerning Discovery**

The parties agree to accept service via e-mail and/or the Department of Justice's cloud-based file-sharing platform, USAfx (https://usafx.account.box.com), pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.

Dated: December 27, 2021                    Respectfully submitted,

VICTIM COMPENSATION LAW GROUP, APC

By:     /s/ *Garrett J. Hines*     (authorized 12/27/2021)
          GARRETT J. HINES

Attorney for Plaintiff


PHILLIP A. TALBERT
Acting United States Attorney

By:     /s/ *Joseph B. Frueh*
          JOSEPH B. FRUEH
          Assistant United States Attorney

Attorneys for Defendant

**IT IS SO ORDERED.**

Dated:  December 29, 2021

_____
Troy L. Nunley
United States District Judge