Garrett J. Hines (SBN 198892)
VICTIM COMPENSATION LAW GROUP, APC
287 S. Robertson Blvd., # 302
Beverly Hills, CA 90211
Tel:     424-250-8254
Fax:    310-444-7141
victimscomplaw@gmail.com

Attorney for Plaintiff

PHILLIP A. TALBERT
United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail:     joseph.frueh@usdoj.gov
Telephone:  (916) 554-2702
Facsimile:  (916) 554-2900

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI DARNELL,<br><br>              Plaintiff,<br><br>       v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE; and DOES 1 through 5, inclusive,<br><br>              Defendants. | No. 2:21-cv-01557-TLN-DB<br><br>**STIPULATION AND PRIVACY ACT PROTECTIVE ORDER** |

**STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the parties to the above-captioned action may produce, receive, and use documents otherwise restricted by the Privacy Act, 5 U.S.C. § 552a, subject to the terms and conditions of the following Order issued pursuant to 5 U.S.C. § 552a(b)(11).[1]

**I.   PURPOSE OF PRIVACY ACT PROTECTIVE ORDER**

A.   Plaintiff Traci Darnell worked as a city carrier for the United States Postal Service in Sacramento, California, from approximately December 2018 to April 2021.  In her operative Complaint, she asserts two claims against the United States Postal Service under Title VII of the Civil Rights Act of 1964 (as amended) and the Rehabilitation Act of 1973 (as amended).  Specifically, Plaintiff alleges she experienced a sexually hostile work environment in violation of Title VII, and that the Postal Service failed to reasonably accommodate her mental disability in violation of the Rehabilitation Act.

B.   Defendant possesses three documents relevant to the parties' claims and defenses that likely are subject to the Privacy Act, 5 U.S.C. § 552a.  These documents are personnel records concerning certain discipline- and training-related information for Postal employees named in the Complaint.

C.   The parties submit that the need for disclosure of the foregoing documents outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and the disclosed documents and information are used solely in this litigation.

D.   This Order permits Defendant to produce the specified documents, but does not require production.

---

[1] The court-order exception in the Privacy Act, 5 U.S.C. § 522a(b)(11), confirms that the statute "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614–15 (S.D.N.Y. 1979).  A court may permit the disclosure of records under § 552a(b)(11) where they meet the relevance standard of Rule 26 of the Federal Rules of Civil Procedure.  *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no basis" to infer that "actual need" is a prerequisite to permit disclosure under § 522(a)(b)(11), or that the Privacy Act "replaces the usual discovery standards of the FRCP . . . with a different and higher standard." (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)).

E.      This Order does not affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

F.      This Order is not a ruling on whether a particular document or category of information is discoverable or admissible.

G.      This Order does not prohibit a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

H.      This Order does not waive the right of Defendant to use, disclose, or disseminate documents or information in accordance with the Privacy Act or other statutes, regulations, or policies.

I.      The Department of Justice, the United States Attorney's Office, and the United States Postal Service shall bear no responsibility or liability for any disclosure made pursuant to this Order.

**II.    DISCLOSURE AND USE OF PRIVACY ACT MATERIAL**

1.      Documents and information produced pursuant to this Order shall be designated by Defendant as Privacy Act Material and shall be used solely for the purpose of litigating the above-captioned action, including any appeals, and shall not be disclosed outside of discovery and court proceedings.  The parties shall comply with the provisions of Federal Rule of Civil Procedure 5.2 and Local Rules 140 and 141 with respect to redactions of documents containing Privacy Act Material and any requests to file documents containing Privacy Act Material under seal.

///
///
///
///
///
///
///
///
///
///

2.      Within 60 days after the final termination of this action, including appeals, Plaintiff's counsel shall destroy or return to Defendant's counsel all originals and any copies of Privacy Act Material.  Notwithstanding this provision, Plaintiff's counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Privacy Act Material.  Any such archival copies that contain or constitute Privacy Act Material remain subject to this Order.

Dated: March 23, 2022                          Respectfully submitted,

                                               VICTIM COMPENSATION LAW GROUP, APC

                                   By:    /s/  *Garrett J. Hines*          (authorized 3/23/2022)
                                          GARRETT J. HINES

                                          Attorney for Plaintiff


                                          PHILLIP A. TALBERT
                                          United States Attorney

                                   By:    /s/  *Joseph B. Frueh*
                                          JOSEPH B. FRUEH
                                          Assistant United States Attorney

                                          Attorneys for Defendant


## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a

specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 24, 2022                    /s/ DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE